UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA THURNER,

Plaintiff,

v.

WALMART, INC.,

Defendant.

No.  2:25-cv-01530-DAD-SCR

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

(Doc. No. 7)

This matter is before the court on defendant Walmart, Inc.'s motion to dismiss plaintiff's complaint.  (Doc. No. 7.)  On August 27, 2025, defendant's motion was taken under submission pursuant to Local Rule 230(g).  (Doc. No. 19.)  For the reasons explained below, the court will deny defendant's motion to dismiss.

**BACKGROUND**

On June 2, 2025, plaintiff Christina Thurner filed her complaint initiating this false advertising class action in this court.  (Doc. No. 1.)  In her complaint, plaintiff alleges the following.

In the summer or early fall of 2024, plaintiff purchased Parent's Choice Diaper Rash Ointment ("the Product") from one of defendant's stores.  (*Id.* at ¶ 14.)  Defendant manufactures, distributes, advertises, markets, and sells the Product.  (*Id.* at ¶ 1.)  The front of the Product's packaging states that the product is "hypoallergenic."  (*Id.*)  Plaintiff provides multiple sources,

1

including government agencies and dictionaries, for the definition of "hypoallergenic."  (*Id.* at ¶¶ 28–30.)  These sources define hypoallergenic as, alternatively, "having little likelihood of causing an allergic response[,]" being "designed to reduce or minimize the possibility of an allergic response, as by containing relatively few or no potentially irritating substances[,]" or "produc[ing] fewer allergic reactions than other [similar] products."  (*Id.*)

The Product contains lanolin, a waxy substance obtained from the fleece of sheep that has been used in some topical therapeutic and cosmetic preparations.  (*Id.* at ¶¶ 21, 36.)  Lanolin is recognized as a common allergen among infants and children and a common cause of allergic contact dermatitis in that group.  (*Id.* at ¶ 39.)  Moreover, lanolin is not recommended for use on children under two due to their immature skin barrier.  (*Id.* at ¶ 45.)  Accordingly, plaintiff alleges that lanolin, as a known allergen, is not hypoallergenic and that the Product, because it contains lanolin, is also not hypoallergenic.  (*Id.* at ¶¶ 59, 61.)

Plaintiff seeks to represent a class of all persons in California who have purchased the Product.  (*Id.* at ¶ 80.)  On behalf of herself and the class, plaintiff brings three claims under California law:  (1) violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*; (2)  violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*; and (3) breach of express warranty as defined by California Commercial Code § 2313.  (*Id.* at ¶¶ 92–127.)  Plaintiff seeks injunctive relief pursuant to her first and second claims, equitable relief in the form of restitution pursuant to her second claim, and attorneys' fees pursuant to her first claim.  (*Id.* at ¶¶ 105, 118.)

On July 18, 2025, defendant filed the pending motion to dismiss plaintiff's complaint.  (Doc. No. 7.)  On August 22, 2025, plaintiff filed her opposition, and on August 29, 2025, defendant filed its reply.  (Doc. Nos. 18, 20.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), *abrogated on other grounds by DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117 (9th Cir. 2019). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**DISCUSSION**

**A.     UCL Claim (Claim 2)**

Defendant argues that plaintiff has failed to allege facts sufficient to show that she lacks an adequate remedy at law as is required to seek equitable relief or sufficient to demonstrate standing to seek injunctive relief. (Doc. No. 7-1 at 11–13.) The court addresses each of these arguments below.

/////

/////

### 1.    Injunctive Relief

The Ninth Circuit has held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an actual and imminent, not conjectural or hypothetical threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (internal quotation marks omitted) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "An actionable cognizable injury exists where a plaintiff alleges that they cannot rely on defendant's labeling when deciding whether to purchase products in the future." *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 916 (E.D. Cal. 2020) (citing *Davidson*, 889 F.3d at 970–71). Plaintiff has alleged that she "would like to, and would, purchase the Product again if it conform[ed] to the representations on the Product's packaging" but that "Plaintiff is unable to rely on the Product's labeling when deciding in the future whether to purchase" the Product. (Doc. No. 1 at ¶ 73.) This allegation is sufficient to establish standing for purposes of seeking injunctive relief. *See Timmins v. Walmart, Inc.*, 790 F. Supp. 3d 931, 939–40 (E.D. Cal. 2025) (finding that similar allegations satisfy the requirements for standing recognized by the Ninth Circuit in *Davidson* because they are "the precise examples the court provided that would establish standing").

Accordingly, the court will deny defendant's motion to dismiss plaintiff's request for injunctive relief.

### 2.    Equitable Relief

Before the court can consider the merits of an equitable claim, it must determine whether it has equitable jurisdiction. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022) ("Equitable jurisdiction is distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim.") (citing *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975)). "For a district court to have equitable jurisdiction, and thus entertain a request for equitable relief, the plaintiff must have no adequate legal remedy." *Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 768 (N.D. Cal. 2022) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). A plaintiff seeking equitable relief must "establish

4

that she lack[s] an adequate remedy at law[.]" *Sonner*, 971 F.3d at 844. "For this reason, courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole." *Rodriguez v. FCA US LLC*, No. 8:22-cv-01445-FWS-JDE, 2023 WL 3150075, at *3 (C.D. Cal. Mar. 21, 2023); *see also Ibarra v. Pharmagenics LLC*, 660 F. Supp. 3d 914, 922 (C.D. Cal. 2023) ("In order to assert a claim for equitable relief, the complaint must allege that the plaintiff lacks an adequate legal remedy.") (internal quotation marks omitted). However, district courts are divided on whether a plaintiff is required at the pleading stage to allege specific facts as to the lack of adequate legal remedy. *See Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 839–40 (E.D. Cal. 2024) (discussing the split among district courts in the Ninth Circuit as to the applicable pleading standard in assessing allegations of the lack of an adequate remedy at law).

Defendant argues that plaintiff has an adequate remedy at law in the form of monetary damages to compensate her for her past purchase. (Doc. No. 7-1 at 11–12.) Plaintiff argues first that she has explicitly alleged that no adequate remedy at law exists and that she has also alleged that the various applicable statutes of limitations would cause some class members to be time-barred from asserting a claim other than one for equitable relief under the UCL. (Doc. No. 18 at 17–18.) Plaintiff also contends that the scope of actionable conduct under the "unfair prong" of the UCL is broader than the scope of the other causes of action asserted in this case, and that this shows, for at least some conduct at issue, there would be no adequate remedy at law. (*Id.*)

The undersigned has previously adopted the liberal pleading standard employed "by the majority of judges in the Northern District of California and by judges in this district" that the pleading standard recognized by the Ninth Circuit in *Sonner* is satisfied where a plaintiff explicitly alleges that they lack an adequate legal remedy. *Wong v. Iovate Health Scis. U.S.A. Inc.*, No. 2:24-cv-00901-DAD-CKD, 2025 WL 821451, at *4–5 (E.D. Cal. Mar. 14, 2025) (quoting *Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023)). Here, plaintiff has expressly alleged that "no adequate remedy at law exists." (Doc. No. 1 at ¶ 76.) As it has before, this court concludes that such an allegation is sufficient at this stage of litigation

/////

5

to state a claim for equitable relief.[1]  *See Timmins*, 790 F. Supp. 3d at 939 ("To seek equitable remedies at the pleading stage, a plaintiff need only allege that they might lack an adequate remedy at law.") (citing *Valiente v. Simpson Imps., Ltd.*, 717 F. Supp. 3d 888, 906–07 (N.D. Cal. 2024) (collecting cases).

Because defendant moves to dismiss plaintiff's UCL claim solely on the grounds that plaintiff has not alleged sufficient facts to confer equitable jurisdiction or standing to seek injunctive relief, the court will deny defendant's motion to dismiss plaintiff's claim brought pursuant to the UCL.

## B.      CLRA and Breach of Express Warranty (Claims 1 and 3)

Defendant next argues that plaintiff has not sufficiently alleged facts that, if proven, would demonstrate that a reasonable consumer would be misled by the representation that the Product was hypoallergenic.[2]  (Doc. No. 7-1 at 8–10.)  Specifically, defendant argues that plaintiff has proposed contradictory definitions of hypoallergenic as having "no allergens" and as being "designed to reduce or minimize the possibility of an allergic response, as by containing relatively few or no potentially irritating substances."  (*Id.*)  Plaintiff retorts that her allegations in this regard are instead based upon how the Food and Drug Administration ("FDA") has described the term "hypoallergenic" as well as some dictionary definitions, but that she has never alleged that hypoallergenic means "no allergens."  (Doc. No. 18 at 11–12.)

---

[1]  The court observes that plaintiff's arguments as to why an adequate remedy at law is lacking in this action—namely that the statute of limitations has run on some class members' claims and that the UCL provides a broader scope of actionable conduct then the other claims asserted—have been rejected.  *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311 (9th Cir. 2022) ("[W]e conclude that Albright had an adequate remedy at law through his CLRA claim for damages, even though he could no longer pursue it, and that the district court was therefore required to dismiss his equitable UCL claim [at summary judgment]."); *see also Gradney v. Polar Beverages*, 797 F. Supp. 3d 1016, 1029 (N.D. Cal. 2025) (finding that the scope of the claim for equitable restitution pursuant to the UCL's unfair prong did not differ from that of the claim for damages pursuant to the CLRA because both were based upon a representation on product packaging being misleading).  Nevertheless, the court concludes that plaintiff's allegations are sufficient to survive the pending motion to dismiss in light of the applicable pleading standard.

[2]  Defendant argues that plaintiff's breach of express warranty claim fails for the same reason that her CLRA claim fails.  (Doc. No. 7-1 at 11.)  Accordingly, the court analyzes these claims together.

6

California's CLRA prohibits "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood[,] or tendency to deceive or confuse the public." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks omitted) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002)). "Claims under [the CLRA] are governed by the 'reasonable consumer' standard, which requires a plaintiff to 'show that members of the public are likely to be deceived' by the defendant's marketing claims." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777 (9th Cir. 2024) (quoting *Williams*, 552 F.3d at 938). The reasonable consumer standard requires a plaintiff to allege facts that, if proven, would establish there is a non-negligible probability that a significant portion of reasonable targeted consumers could be misled. *Mars Petcare US, Inc.*, 966 F.3d at 1017. "California courts have observed that generally, 'whether a business practice is deceptive will usually be a question of fact not appropriate for decision [at the pleadings stage]." *Li v. Amazon.com Servs., LLC*, --- F. Supp. 3d ---, 2024 WL 4336432, at *9 (W.D. Wash. 2024) (quoting *Whiteside*, 108 F.4th at 778) (alteration in original).

California Commercial Code § 2313, which defines the term "express warranty," applies to "transactions in goods." Cal. Com. Code § 2102; *see also* Cal. Civ. Code § 1791.2(a)(1) (defining "express warranty" as "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance."). Under California Commercial Code § 2313, "[t]o prevail on a breach of express warranty claim, a plaintiff must prove that the seller '(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.'" *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013) (citation omitted).

Defendant does not dispute that the Product contains an allergen, but only that the term "hypoallergenic" would not have misled a reasonable consumer. (Doc. No. 7-1 at 8–10.) First, defendant argues that plaintiff alleges that a product being advertised "hypoallergenic" would be

7

understood as containing no known allergens. (*Id.* at 9.) In this regard, defendant is simply mistaken: Plaintiff alleges that "hypoallergenic," based on dictionary definitions, would cause a reasonable consumer to believe "that a hypoallergenic product is *less likely* to cause an allergic response because it is formulated to minimize the presence of common allergens." (Doc. No. 1 at ¶¶ 30–31.) Second, defendant argues that plaintiff has merely alleged the presence of a known allergen, but has failed to allege that the presence of that allergen renders the product not "designed to reduce or minimize the possibility of an allergic response." (Doc. No. 7-1 at 10.) In this regard, defendant urges that the court require that plaintiff make allegations comparing the effect of the Product to other competing products. (*Id.*) The Ninth Circuit has previously rejected such an argument, stating as follows:

> Despite the linguistic ambiguity, and notwithstanding its obligation to view the SAC in the light most favorable to Souter, the district court assembled its own definition of the term "hypoallergenic." The court reasoned that a consumer would focus on the overall comparative effect of the product in relation to other products rather than the effects of the product's ingredients, and it faulted Souter for failing to allege (1) that a reasonable consumer would assume that the Hand Wipes have "no potential allergens"; (2) that Souter "suffered an allergic reaction after using the product;" or (3) that the product "has a higher likelihood of causing a reaction as compared to similar product on the market." These specifications are not compelled by our caselaw and are no more plausible than the well-pled allegations offered in the SAC. At the motion to dismiss stage, it was improper for the district court to select between competing plausible interpretations of an ambiguous term.

*Souter v. Edgewell Pers. Care Co.*, No. 22-55898, 2023 WL 5011747, at *3 (9th Cir. Aug. 7, 2023).[3] The Ninth Circuit accordingly found in *Souter* that the allegation that the "sole active ingredient" in the hand wipes at issue was a documented allergen was sufficient to show, if proven, that the alleged representation of the product being "hypoallergenic" would mislead a reasonable consumer. *Id.* at *2.

Here, plaintiff has alleged that the Product contains lanolin. (Doc. No. 1 at ¶ 21.) Plaintiff further alleges that lanolin "is recognized as a common allergen among infants and

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

children, and a common cause of allergic contact dermatitis among this group."[4]  (*Id.* at ¶ 39.)  Plaintiff also alleges that "allergic reactions to lanolin" can occur to patients with "perianal/genital dermatitis" which are "forms of diaper rash" and that the Product, which contains lanolin, "is marketed for use by infants with inflamed or damaged skin associated with diaper rash" because the Product represents that it helps heal "diaper rash."  (*Id.* at ¶¶ 51, 52, 57, 58.)  These allegations are plainly sufficient to plausibly show that a reasonable consumer could be misled by the Product's claim that it is hypoallergenic.  *Timmins v. Unilever U.S., Inc.*, 785 F. Supp. 3d 774, 781–82 (E.D. Cal. 2025) (finding that the plaintiff's allegation that the product at issue contained a common allergen was sufficient to plausibly show that a reasonable consumer was likely to be deceived by the assertion that the product was hypoallergenic); *cf. Erickson v. Kimberly-Clark Corp.*, No. 24-cv-07032-AMO, 2025 WL 2105830, at *3–4 (N.D. Cal. July 28, 2025) (finding that the product's representation as being hypoallergenic could plausibly suggest to a reasonable consumer that the product is free from harmful or toxic ingredients, but concluding that the plaintiffs failed to meet their pleading burden because they did not allege that the Product actually contained toxic levels of any ingredient).[5]  As noted above, defendant argues that plaintiff's breach of express warranty claims fail for the same reasons that her CLRA claim

---

[4]  Defendant also argues that plaintiff has only supported her assertion that lanolin is an allergen with "anecdotes and articles, not peer-reviewed studies[.]" (Doc. No. 7-1 at 10.)  Defendant has cited no authority for the proposition that, at the motion to dismiss stage, plaintiff must allege the existence of peer-reviewed studies on the allergenic properties of an ingredient.  Regardless, defendant's argument is not well-taken because plaintiff's complaint includes citations to several academic papers and empirical tests regarding the allergenic properties of lanolin.  (Doc. No. 1 at ¶ 39 n.15.)

[5]  Defendant raises a new argument in its reply brief that plaintiff is required to allege the specific amount of lanolin in the Product in order to state a cognizable claim because she must allege that the specific amount could cause an allergic reaction.  (Doc. No. 20 at 8–12.)  This court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  Moreover, defendant's argument in part relies on citations to an external academic paper from the late nineteenth century and an FDA panel report from 1990, neither of which contradict plaintiff's allegations that lanolin is a known allergen.  *See L.S. v. Happy Hippo LLC*, No. 2:24-cv-02849-DAD-SCR, 2025 WL 1993383, at *8 (E.D. Cal. July 17, 2025) (rejecting the defendant's argument that the plaintiff's allegations regarding the addictive nature of a substance were implausible because the defendant's proffered evidence to the contrary did not contradict those allegations).  Accordingly, the court rejects defendant's argument in this regard.

fails—reasons that the court has already rejected.  *See Timmins*, 785 F. Supp. 3d at 782 (finding that a "hypoallergenic" representation can constitute an express warranty and that the plaintiff's allegations sufficiently stated a cognizable claim for breach of express warranty where they sufficiently stated a claim pursuant to the CLRA) (citing *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1052 (N.D. Cal. 2018)).

The court therefore will deny defendant's motion to dismiss plaintiff's claims for violation of the CLRA and for breach of express warranty.

## CONCLUSION

For the reasons above,

1.    Defendant's motion to dismiss plaintiff's complaint (Doc. No. 7) is DENIED;

2.    Defendant shall file an answer responding to plaintiff's complaint no later than twenty-one (21) days after the date of entry of this order; and

3.    The court hereby RESETS the Initial Scheduling Conference in this case for April 13, 2026 at 1:30 p.m. before the undersigned via Zoom.  The parties are DIRECTED to file a joint status report regarding scheduling no later than March 30, 2026.

IT IS SO ORDERED.

Dated:    **March 5, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

10